IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. LYNCH,<br>     *Plaintiff*<br><br>v.<br><br>EVELYN RIVERA, BANK OF AMERICA, BAYSHORE LOAN SERVICING and KML GROUP, INC.,<br>     *Defendants* | CIVIL ACTION No. 17-cv-312<br><br>(Bankruptcy No. 16-ap-301) |

### BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT, KML LAW GROUP, P.C., TO DISMISS PLAINTIFF'S APPEAL

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On September 7, 2016, Defendant, Evelyn Rivera, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* in the United States Bankruptcy Court for the Eastern District of Pennsylvania, docketed as case number 16-16269). In her bankruptcy petition, the debtor listed Plaintiff, John J. Lynch, as a judgment creditor as a result of the entry of a default judgment entered in the Court of Common Pleas of Philadelphia County, *John J. Lynch v. Evelyn Rivera*, docketed at March Term, 2015, No. 4249, in the amount of $50,000.

On September 12, 2016, Plaintiff filed an adversary complaint against all the Defendants named herein and docketed as adversary case number 16-00301. On November 30, 2016, upon motions of the respective Defendants, Bankruptcy Judge Ashley M. Chan entered an order dismissing the adversary complaint against all four Defendants with prejudice. The orders were

docketed on December 1, 2016. From these orders, on January 18, 2017, Plaintiff filed a notice of appeal with the Bankruptcy Clerk.

Meanwhile, in the main bankruptcy case, on January 4, 2017, the Bankruptcy Court entered an Order granting the motion of the debtor, to avoid the judgment lien of John J. Lynch. This order was docketed on January 5, 2017. From this order, Plaintiff has filed a notice of appeal with the Bankruptcy Clerk on January 25, 2017. This appeal has been docketed in the United States District Court as No. 17-cv-408.[1]

On January 30, 2017, John J. Lynch, has filed motions with this District Court seeking to consolidate the two appeals. On February 2, 2017, this Court entered an order requiring all non-movants to file a response to Mr. Lynch's motion on or before February 17, 2017.

## II. ARGUMENT

All of the appeals filed by John J. Lych are untimely. A district court has jurisdiction to hear appeals from final judgments of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). An appeal to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id.* § 158(c)(2). Federal Rule of Bankruptcy Procedure 8002(a) specifies that the notice of appeal must be filed within fourteen days of the date of entry of the judgment or order being appealed. The Court of Appeals from the Third Circuit has held that a

---

1/ A third appeal was filed by John J. Lynch on October 14, 2016, from an earlier order entered September 26, 2016, denying his petition to proceed in forma pauperis in the bankruptcy adversary action (docketed on September 27, 2016), which is presently pending before the Honorable Legrome D. Davis in the United States District Court at No. 16-cv-05493.

District Court lacks jurisdiction over an appeal of a Bankruptcy Court ruling that is untimely under Rule 8002. *In re Fryer,* 235 Fed.Appx. 951, 953 (3d Cir. 2007); *In re Universal Minerals, Inc.,* 755 F.2d 309, 310 (3d Cir. 1985).

Even if this Court should consider Plaintiff's Notice of Appeal and his Petition to Appeal Nunc Pro Tunc filed on January 18, 2017 as a motion for an extension of time to file his appeal, pursuant to Fed.R.Bank.P. 8002(d)(1)(B), such an extension is limited to a period of an additional 21 days, and if the party show excusable neglect. *Larson v. Bayer,* 558 B.R. 722, 731 (E.D.Pa. 2016). In this case, even affording Plaintiff an additional 21 days, the appeal is still untimely. More than 35 days had passed since the Bankruptcy Court's decision docketed on December 1, 2016 and notices mailed on December 3, 2016. .

In this case, there is no question that the appeal filed by John J. Lynch in this case, as well as the matter which he seeks consolidation, is untimely. The order was docketed December 1, 2016, but the appeal was not filed until January 18, 2017, more than a full month after the deadline.

### III. CONCLUSION

For the foregoing reasons stated above, it is respectfully requested that this Honorable Court enter an Order dismissing Plaintiff's Appeal, thus rendering his motion to consolidate moot.

Respectfully submitted,

KML Law Group, P.C.

__/s/ *Thomas I. Puleo, Esquire*__
Thomas I. Puleo, Esquire
PA Attorney Identification No. 27615
Attorney for Defendant, KML Law Group, P.C.
Mellon Independence Center, Suite 5000
701 Market Street
Philadelphia, PA 19106
(215) 627-1322
tpuleo@kmllawgroup.com