IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LYNCH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No: 2:17-cv-312 |
| v. | : | |
| | : | |
| EVELYN RIVERA, et al. | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this           day of                              , 2017, upon consideration of Appellant's Motion to Consolidate and Defendants' replies thereto, it is hereby ORDERED and DECREED that the appeal is DISMISSED for lack of jurisdiction.

BY THE COURT:

_____

United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LYNCH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No: 2:17-cv-312 |
| v. | : | |
| | : | |
| EVELYN RIVERA, et al. | : | |
| | : | |
| Defendants. | : | |

### APPELLEE EVELYN RIVERA'S BRIEF IN OPPOSITION

Evelyn Rivera, by and through her attorney, Jennifer Schultz, Esq., respectfully responds to the present motion to consolidate and submits this brief in opposition to the motion and appeal.

**I.    INTRODUCTION**

Appellant John J. Lynch has three pending appeals related to the same case. *Lynch v. Rivera, et al.,* Civil Action No. 17-312 appeals the Bankruptcy Courts order a granting dismissal of his adversary proceeding against all defendants. *Lynch v. Rivera, et al.,* Civil Action No. 17-408, appeals the Bankruptcy Court's order avoiding the judicial lien he held against Debtor's property. *Lynch v. Rivera, et al.,* Civil Action 16-05493, was an interlocutory appeal within the aforementioned adversary, seeking to challenge the Bankruptcy Court's denial of his request for in forma pauperis status. In the present motion, Appellant Lynch seeks to consolidate the pending appeals. The Court lacks jurisdiction to hear all three appeals because each appeal was filed untimely.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On September 7, 2016, Evelyn Rivera filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. Appellant, John J. Lynch, was listed as a judgment creditor

1

as a result of a default judgment in the Philadelphia Court of Common Pleas, Lynch v. Rivera, No. 150304249, entered October 19, 2015. On September 12, 2016, *pro se* litigant John J. Lynch filed an adversary complaint citing Federal Rules of Bankruptcy Procedure §§7001(2)(3)(4)(6) & (9). He simultaneously filed a Petition to Proceed In Forma Pauperis. On September 26, 2016, the Bankruptcy Court signed an order denying the Petition to Proceed In Forma Pauperis. The Order was entered on the docket on September 27, 2016. On October 14, 2016, Appellant filed Notice of Appeal with the Bankruptcy Clerk.

The Bankruptcy Court proceeded with the adversary proceeding. On November 30, 2016, the court held a hearing on all defendants' motions to dismiss the adversary proceeding. Prior to the hearing, Appellant Lynch had filed a written response to the motions. Appellant Lynch did not appear at the hearing. The court granted all motions to dismiss. The Court's orders were docketed on December 1, 2016, and notice was sent to Appellant Lynch on December 3, 2016. The Notice of Appeal was not filed until January 18, 2017.

The Bankruptcy Court also proceeded with the motion to avoid lien filed by Debtor Rivera on January 4, 2017. Although Appellant Lynch had not provided a change of address to the Court, Debtor's counsel nonetheless served Appellant Lynch at both his address of record and his address with the Philadelphia Department of Prisons. Appellant Lynch filed a written response to the motion on December 20, which was considered by the Court at the January 4 hearing on the motion. The Bankruptcy Court granted the motion to avoid lien on January 4, 2017, and notice was sent on January 7, 2017. The Notice of Appeal was not filed until January 25, 2017.

2

**III. ARGUMENT**

Appellee Evelyn Rivera suggests that the request to consolidate the pending appeals is moot because the appeals are untimely, and therefore, the Court lacks jurisdiction to review the matter.

"[N]otice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Failure to file a timely appeal as required by Rule 8002 is a jurisdictional defect that deprives the district court of the ability to review the bankruptcy court's order. *In re Universal Minerals Inc.*, 755 F.2d 309, 310-312 (3d Cir. 1985) (*citing In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir.1982); *Matter of Robinson* 640 F.2d 737, 738 (5th Cir.1981); *Matter of Ramsey, supra,* at 1222; *In re H. Daroff & Sons, Inc.,* 403 F.Supp. 234 (E.D.Pa.1981); *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y.1976), *aff'd mem. sub nom. Berger v. Rodman,* 559 F.2d 1202, 1206 (2d Cir.1977).).

In the present case, *Lynch v. Rivera, et al.,* Civil Action No. 17-312, the Bankruptcy Court's Order was docketed on December 1, 2016. The Notice of Appeal was not filed until January 18, 2017, 34 days after the deadline. Read liberally, Appellant's request to file an appeal "nun pro tunc" could arguably be construed as a request to file outside of the 14 day deadline. Such requests are permitted pursuant to Fed. R. Bankr. P. 8002(d). However, Appellant's appeal is still untimely under Rule 8002(d). Rule 8002(d)(B) only permits a party 21 days after the original appeal deadline to request an extension of time to file an appeal. The 21 day deadline expired on January 5, 2017. Appellant's request for an extension was itself filed 13 days late. "[U]nless a Notice of Appeal is filed within the extension period, no appeal can be taken no matter how excusable the neglect." *In re Botany Industries, Inc.*, 19 B.R. 599

3

(E.D.Pa. 1982) (*citing Dyotherm Corporation v. Turbo Machine Co.*, 434 F.2d 65 (CCA3, 1974), *In re Orbitec Corp.*, 520 F.2d 358 (CCA2, 1975), and *Selph v. Council of Los Angeles*, 593 F.2d 881 (CCA9, 1979)).

In *Lynch v. Rivera, et al.,* Civil Action No. 17-408, the Bankruptcy Court's Order was docketed on January 4, 2017. The Notice of Appeal was not filed until January 25, 2017, 7 days after the deadline.

In *Lynch v. Rivera, et al.,* Civil Action 16-05493, the Bankruptcy Court's Order was docketed on October 27. Therefore, the 14-day appeal deadline was November 10. However, the notice of appeal was not filed until October 14, 4 days after the deadline.

## IV.     REQUESTED RELIEF

For the foregoing reasons, the appeals should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted:

Date: February 16, 2017               /s/ Jennifer Schultz
                                      Jennifer Schultz, Esq.
                                      Attorney for Movant Evelyn Rivera
                                      Community Legal Services
                                      1410 W. Erie Avenue
                                      Philadelphia, PA 19140
                                      215-227-2400 x2420

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN J. LYNCH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No: 2:17-cv-312 |
| v. | : | |
| | : | |
| EVELYN RIVERA, et al. | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Jennifer Schultz, Esq., hereby certify that the foregoing Appellee Evelyn Rivera's Brief in Opposition and this Certificate of Service have been filed electronically and are available for viewing and downloading from the ECF system, I further certify that the foregoing will be served upon the following parties, via first class mail on 2/17/2017:

John J. Lynch
3281 Red Lion Road, Apt. #1
Philadelphia, PA 19114

John Lynch, #562783
Philadelphia Department of Prisons
Philadelphia, PA 19136

I further certify that the foregoing was served via electronic means upon the following:

Kevin McDonald
Blank Rome LLP
1 Logan Square
Philadelphia, PA 19130

Thomas Puleo, Esq.
KML Law Group, Inc.
Mellon Independence Center, Suite 5000
701 Market Street
Philadelphia, PA 19106

Date February 16, 2017

/s/ Jennifer Schultz
Jennifer Schultz, Esq.
Attorney for Appellee Evelyn Rivera

1